Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ASTRID MOLINA IGLESIAS<br><br>Recurrida<br><br>v.<br><br>BELKIS M. NAVAS<br><br>Peticionaria | TA2025CE00388 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2019CV01004<br><br>Sobre: Liquidación Comunidad de Bienes |
| --- | --- | --- |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Belkis M. Navas Magaz (señora Navas Magaz o peticionaria), mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la determinación incluida en la *Minuta* notificada el 16 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante este dictamen, el foro primario ordenó a las partes a entregar el *Informe con Antelación a Juicio* sin más enmiendas que las previamente autorizadas. Adicionalmente, la peticionaria solicita la revisión de la *Orden* emitida por el TPI el 19 de agosto 2025, notificada el mismo día, en la cual les impuso sanciones económicas a los representantes legales de las partes.

Por los fundamentos que expondremos a continuación, desestimamos parcialmente el recurso por falta de jurisdicción y, denegamos la expedición del mismo.

### I.

El 27 de febrero 2019 el Sr. Astrid Molina Iglesias (señor Molina Iglesias o recurrido) instó una demanda en contra de la

señora Navas Magaz sobre liquidación de bienes gananciales. El 19 de junio de 2019 la peticionaria instó la correspondiente contestación.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 2 de febrero de 2024, las partes presentaron escrito intitulado *Informe Sobre Conferencia con Antelación a Juicio.* En el documento, entre otros asuntos, se detalló la prueba documental y testifical que cada parte interesa presentar y aquella que se pretendía impugnar. Además, expresaron que no habían logrado llegar a un acuerdo final.

Eventualmente, el TPI calendarizó en tres (3) ocasiones distintas, la conferencia con antelación al juicio por errores o inadvertencias de ambas partes. Las vistas fueron calendarizadas los días 5 de junio de 2024, 17 de octubre de 2024 y el 13 de febrero de 2025.

Ante el incumplimiento de las partes y, con el fin de mantener un adecuado manejo del caso, el TPI emitió una *Orden* el 13 de febrero de 2025. Mediante esta, apercibió a las partes por el incumplimiento con lo ordenado, y calendarizó para el 9 de abril de 2025, una vista presencial para continuar con la conferencia con antelación a juicio. A su vez, ordenó la finalización del informe con antelación a juicio. Según surge del expediente electrónico, el 9 de abril tampoco se llevó a cabo la referida vista por razones atribuidas a ambas partes.

Así las cosas, el 9 de julio de 2025, se celebró una *Vista Urgente* por videoconferencia. De la *Minuta*[1] surge que el TPI, en corte abierta, ordenó y decretó, entre otros asuntos, que:

> **Las partes tienen hasta el 1 de agosto de 2025 para someter el "Informe de Conferencia con Antelación a Juicio".**

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 213. Énfasis en el original.

> **El Tribunal deja establecido el Informe de Conferencia con Antelación a Juicio es el que se presentó hace unos años atrás, es el primero que aparece en el récord del Tribunal.**
>
> Este Informe de Conferencia con Antelación a Juicio las teorías no se pueden modificar, las enmiendas a las alegaciones tampoco. Las alegaciones de las partes son las que surgen en la demanda y de la contestación a la demanda. No hay reconvención. El Tribunal no autoriza que se enmienden las alegaciones.
>
> ...
>
> **... Lo único que van a enmendar es la prueba documental y detallar las estipulaciones.**
>
> ...

El 15 de julio siguiente, se transcribió la *Minuta* la cual **no está firmada, ni a puño y letra, ni electrónicamente por la Hon. María Elena Pérez Ortiz**. Solo aparece la firma, de manera electrónica, de la Secretaria de Servicios a Sala. Precisa reseñar que la *Minuta* fue notificada el 16 de julio.

El 23 de julio posterior, la peticionaria presentó escrito intitulado *Moción Solicitando Reconsideración de Orden dada durante la Videoconferencia del 9 de julio de 2025 Limitando la Manera de Confeccionar el Informe de Conferencia con Antelación al Juicio a ser Radicado el 1 de agosto de 2025*. Arguyó que, desde la primera presentación del informe con antelación a juicio el 2 de febrero de 2024, había surgido nueva prueba documental que el tribunal aceptó incluir. De manera que, razonó que, tras permitir esta nueva prueba documental, el TPI debía permitir la enmienda del informe para incluir todo lo relacionado a la misma, como argumentos de hechos y de derecho. Añadió que, de no hacerlo así, se le estaría privando a las partes, en especial a la peticionaria, de su derecho garantizado por el Debido Proceso de Ley de tener una oportunidad de presentar sus argumentos y planteamientos de hechos y de derecho.[2]

---

[2] Véase, el SUMAC TPI, Entrada núm. 214.

El 4 de agosto de 2025, el TPI mediante *Resolución Interlocutoria,* determinó no acoger la solicitud de reconsideración. Allí, razonó que el descubrimiento de prueba finalizó hace más de dos (2) años y, desde entonces, les ha ordenado a las partes la entrega del informe. Por lo que, la prueba que se interesa incluir ahora debió haber sido compartida e incluida durante esa etapa de los procedimientos. Además, expresó que, durante esos dos años, las partes han estado incumpliendo con las órdenes del tribunal dilatando el proceso.

Luego de varias solicitudes de prórrogas, la concesión de las mismas y del incumplimiento por las partes, el 19 de agosto de 2025 el TPI emitió y notificó *Orden Urgente / Sanciones / Cancelaci[ó]n de Vista.* El foro recurrido impuso sanciones por $150 a la representación legal de ambas partes por los reiterados incumplimientos con las órdenes del Tribunal. A su vez, les apercibió con la desestimación sin perjuicio de la demanda.

Inconforme con lo determinado, la peticionaria acude ante esta Curia imputándole al TPI haber incurrido en los siguientes errores:

> ERRÓ EL TPI COMO CUESTIÓN DE DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL LIMITAR LOS ARGUMENTOS DE HECHOS Y DE DERECHO QUE LA DEMANDADA PUEDE PRESENTAR EN EL NUEVO INFORME DE CONFERENCIA CON ANTELACIÓN AL JUICIO Y AL EXCLUIR TODOS LOS ARGUMENTOS DE HECHOS Y DE DERECHO PRESENTADOS EN EL INFORME RADICADO EL 4 DE JUNIO DE 2024 Y LOS ARGUMENTOS DE HECHOS Y DE DERECHO QUE SE DERIVAN DE LA EXTENSA PRUEBA INFORMADA POR EL DEMANDANTE POR PRIMERA VEZ EL 6 DE MAYO DE 2025, LO QUE CONSTITUYE UNA RENUNCIA FORZADA IMPUESTA POR EL TPI EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.
>
> ERRÓ EL TPI COMO CUESTIÓN DE DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL IMPONER AL ABOGADO DE LA DEMANDADA UN SANCIÓN ECONÓMICA INJUSTA, ARBITRARIA Y CAPRICHOSA PORQUE NO SE RADICÓ EL NUEVO INFORME DE CONFERENCIA CON ANTELACIÓN AL JUICIO EL 18 DE AGOSTO DE

2025, CUANDO LOS ÚNICOS RESPONSABLES DE ESE INCUMPLIMIENTO FUERON EL DEMANDANTE Y SU ABOGADO.

Examinados el recurso y el expediente apelativo, y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

### Jurisdicción, Asunto de Umbral

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe et al,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García v.*

*Hormigonera Mayagüezana,* 172 DPR (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Por su parte, la Regla 83(B)(1) de nuestro Reglamento, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 115, 215 DPR ___, (2025).

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró,* 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil,

*supra.* Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.* La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para establecer si debemos expedir un auto de *certiorari* hay que determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.*

**III.**

Analizado el recurso ante nuestra consideración nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

Conforme al trámite judicial reseñado, surge que la señora Navas Magaz recurre ante esta Curia para que revisemos el dictamen del TPI, **expresado en corte abierta**, en el que concedió término para presentar el Informe de Conferencia con Antelación a Juicio y a su vez, estableció ciertas limitaciones respecto al Informe a utilizar, la prueba a ser detallada en el mismo, así como denegó enmiendas a las alegaciones.

Del análisis de la *Minuta* en la que está transcrita la referida determinación, nos percatamos que la misma **no está firmada, ni a puño y letra ni electrónicamente, por la Hon. María Elena Pérez Ortiz.** No obstante, la *Minuta* solamente está firmada de manera electrónica por la Secretaria de Servicios a Sala y fue notificada a las partes el 16 de julio de 2025.

En *Sánchez et als. v. Hosp. Dr. Pila et als.,* 158 DPR 255, 262 (2002), el Tribunal Supremo decretó:

> Resolvemos pues, que una notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en

un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley **para interponer una moción de reconsideración o un recurso de *certiorari* ante el Tribunal de Circuito**. **La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes**. (Énfasis nuestro)

Asimismo, en *Pueblo v. Ríos Nieves*, 209 DPR 264, 280-281 (2022), la más Alta Curia dictaminó:

"…. la Regla 32(b) del Reglamento para la Administración del TPI, *supra,* establece que **las minutas deberán notificarse a las partes o sus abogados cuando incluyan una resolución u orden emitida por el juez en corte abierta**. A su vez, **requiere la firma del juez o jueza que la dictó**. Por lo tanto, esta regla le impone un requisito de forma al juez que emitió la determinación en corte abierta para que, con su firma, le imprima **validez y certeza** a esa decisión recogida mediante la minuta. Es decir, **para que la orden o resolución acogida dentro de una minuta tenga <u>legitimidad y eficacia</u> es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio**. No podemos perder de perspectiva que tanto la facultad revisora del Tribunal de Apelaciones como la de esta Curia se fundamenta en determinaciones emitidas y suscritas por los jueces que las dictaminan y no en la interpretación o apreciación de otros funcionarios del tribunal. De permitir lo contrario, el foro revisor estaría evaluando un documento –en este caso la minuta- sin la certeza que el dictamen recurrido fue el que en efecto dictó el juez o jueza que atendió los procedimientos. Es decir, la minuta que no esté certificada por el juez que dictó la orden o resolución, **no puede contar con la deferencia y la presunción de corrección de los foros revisores.** Ello, debido a que es la firma del juez que impartió la decisión, la que precisamente le imprime legitimidad y eficacia a la decisión. Además, garantiza que la determinación fue ponderada por el juzgador de los hechos, quien, a su vez, fue la persona que valoró y tuvo ante sí la prueba sometida por las partes. (Énfasis y subrayado en el original)

Por tanto, a tenor de esta normativa estamos impedidos de revisar en los méritos el dictamen recogido en la referida *Minuta,* así como la *Resolución Interlocutoria* emitida y notificada por el TPI el 4 de agosto de 2025, mediante la que denegó la *Moción Solicitando Reconsideración de Orden dada durante la Videoconferencia del 9 de*

*julio de 2025 Limitando la Manera de Confeccionar el Informe de Conferencia con Antelación al Juicio a ser Radicado el 1 de agosto de 2025* instada por la peticionaria. Esto, al carecer de jurisdicción. Enfatizamos que para que podamos tener jurisdicción sobre la controversia planteada en estas, la *Minuta* recurrida —emitida en corte abierta y que se pretende revisar— tiene que estar firmada por la Jueza Pérez Ortiz, quien dictó la resolución, y luego ser notificada a las partes o a sus abogados. Sobre este particular, expresó el Tribunal Supremo que **para que la orden o resolución acogida dentro de una minuta tenga legitimidad y eficacia es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio.** *Pueblo v. Ríos Nieves,* supra.

Por tanto, hasta que estos requisitos de forma no se hayan corregido, no empezará a transcurrir el término para presentar una reconsideración o recurrir en revisión ante este foro apelativo. Es decir, los planteamientos resultan ser prematuros por lo que, acorde con la normativa apelativa antes esbozada, el recurso adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. Precisa aclarar, además, que la determinación emitida por el TPI, el 4 de agosto de 2025, resolviendo la antedicha moción de reconsideración resulta ser inoficiosa para fines apelativos.

Por último, respecto a la tercera resolución impugnada intitulada *Orden Urgente / Sanciones / Cancelaci[ó]n de Vista* destacamos que esta versa, entre otros dictámenes, pero en lo aquí concerniente, sobre la imposición de sanciones por $150 a cada abogado por incumplir con las órdenes del tribunal. Al respecto, advertimos que todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado, primeramente, al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma, surge que la controversia planteada no está incluida en las instancias que esta *Curia* puede atender de conformidad a la

Regla 52.1 de las de Procedimiento Civil, *supra.* Por ello, procede denegar el recurso, al amparo de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 20, 215 DPR __ (2025), para que continúen los procedimientos del caso, sin mayor dilación.

## IV.

Por los fundamentos antes expuestos, determinamos desestimar el recurso por falta de jurisdicción ante la presentación prematura en cuanto a la *Minuta* del 16 de julio de 2025 y, así mismo, denegar la expedición el auto de *certiorari* respecto a la *Orden Urgente / Sanciones / Cancelaci[ó]n de Vista* emitida por el TPI el 19 de agosto de 2025.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones